UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>JOSEPH HEMINGWAY,<br><br>    Defendant/Movant, | Criminal No. 4:15-cr-339-BHH<br>Civil Action No. 4:17-cv-2199-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court upon Defendant/Movant Joseph Hemingway's ("Hemingway") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 51.) For the reasons set forth below, Hemingway's motion is denied and the Court grants summary judgment in favor of the United States of America.

**BACKGROUND**

On May 27, 2015, a federal grand jury sitting in the District of South Carolina, Florence Division, returned a six-count indictment against Hemingway. (ECF No. 2.) Hemingway was charged with committing armed robbery at two convenience stores, resulting in parallel charges pertaining to each robbery for: (1) Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); (2) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (3) knowingly using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, and brandishing the firearm during the course of said offense, in violation of 18 U.S.C. § 924(c). (*Id.*) On June 15, 2015, the Court appointed Assistant Federal Public Defender Michael Meetze ("AFPD

1

Meetze") to represent Hemingway. (ECF No. 15.) Hemingway and the Government entered into a plea agreement on August 20, 2015, whereby Hemingway would plead guilty to one § 924(c) charge (Count 3) and the remaining counts would be dismissed. (Plea Agreement, ECF No. 33.) Hemingway pleaded guilty to Count 3 on August 20, 2015. (ECF Nos. 35 & 36.) On August 23, 2016, Hemingway was sentenced to, *inter alia*, 220 months' imprisonment followed by 5 years' supervised release. (ECF No. 45.)

Hemingway filed the instant § 2255 motion on August 17, 2017. (ECF No. 51.) In the motion, Stephens asserts two grounds for relief: (1) trial defense counsel was ineffective for failing to file an appeal in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015); (2) counsel was ineffective for not adequately or meaningfully explaining 18 U.S.C. § 924(c) to petitioner during critical stages of the case. (*See* ECF No. 51 at 5–6.) Ultimately however, both theories of relief are grounded in Hemingway's underlying assertion that an appeal based on the holding in *Johnson* would have been successful, potentially nullifying his § 924(c) conviction, and rendering a more beneficial sentencing outcome on his behalf. (*See id.* at 12.) The Government responded and "moved to dismiss" Hemingway's § 2255 motion on November 13, 2017 (ECF No. 59), and Hemingway replied on January 22, 2018 (ECF No. 68). The matter is ripe for review, and the Court now issues the following ruling.

## **LEGAL STANDARDS**

**Motions to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. To succeed on such a motion, the prisoner must prove one of the following: (1) the sentence was

2

imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The determination of whether to hold an evidentiary hearing ordinarily is best left to the common sense and sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . ., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v.*

3

Montgomery Cty., 789 F.3d 407, 413 (4th Cir. 2015) (internal citations and quotation marks omitted).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The U.S. Supreme Court has held that this right is violated when counsel retained by, or appointed to, a criminal defendant fails to provide adequate or effective legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Strickland* established a two-prong test for a claim of ineffective assistance of counsel in violation of the Sixth Amendment, under which the criminal defendant must show deficient performance and resulting prejudice. *Id.* at 687. "The performance prong of *Strickland* requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). "[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" and courts should indulge in a "'strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (modifications omitted) (quoting *Strickland*, 466 U.S. at 689–90). "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, 566 U.S. at 163 (quoting *Strickland*, 466 U.S. at 694).

In a case where a movant under 28 U.S.C. § 2255 pleaded guilty as a result

> of alleged ineffective assistance of counsel, to satisfy the second Strickland prong the movant must show that there is a reasonable probability that, but for counsel's deficient performance, the movant would not have entered a guilty plea and instead would have gone to trial.

*Jennings v. United States*, 461 F. Supp. 2d 818, 823 (S.D. Ill. 2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005); *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000)). Furthermore, "When analyzing counsel's performance at sentencing, prejudice exists when, but for counsel's action or inaction, the movant would have received a shorter sentence." *Id.* "In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel . . . at [a] Rule 11 hearing, are binding absent 'clear and convincing evidence to the contrary.'" *Sanders v. United States*, No. 1:06-cr-30-01, 2008 WL 4279496, at *3 (W.D.N.C. Sept. 12, 2008) (quoting *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1985)).

## **DISCUSSION**

### A. Whether Counsel was Ineffective for Failing to File an Appeal in Light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)

Hemingway's first theory of relief is premised on his assertion that the outcome of his case would have been different if his trial defense counsel, Assistant Federal Public Defender Michael Meetze ("AFPD Meetze") had filed on his behalf an appeal predicated on the U.S. Supreme Court's holding in *Johnson*. (*See* ECF No. 51 at 5, 12.) In *Johnson*—decided June 26, 2015—the Supreme Court held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. 135 S. Ct. at 2557. At the time Hemingway pleaded guilty (August 20, 2015), was sentenced (August 23, 2016), and filed his § 2255 motion (August 17, 2017), it was unclear what the full ramifications of *Johnson*

5

would be for other statutes containing similar "residual clause" language, and a tidal wave of litigation ensued. Later developments in case law rendered the holding in *Johnson* retroactive, see *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), and applied *Johnson*'s reasoning to confirm that the "residual clause" of 18 U.S.C. § 924(c)—specifically, § 924(c)(3)(B)—is also unconstitutionally vague, see *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

AFPD Meetze submitted an affidavit setting forth his recollection of his representation in Hemingway's case. (Meetze Aff., ECF No. 58.) In the affidavit, Meetze expresses concern that perhaps he should have challenged the adequacy of Hemingway's plea under the theory that, based on *Johnson*, the 924(c) residual clause is unconstitutionally vague and Hobbs Act robbery is no longer a crime of violence. (*Id.* at 4–5.) However, subsequent on-point, controlling Fourth Circuit precedent dictates that Hemingway's *Johnson*-based theory cannot prevail, whether by way of direct appeal or collateral attack.

In *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019)—a case that both postdates *Davis* and explicitly acknowledges the Supreme Court's holding in that case—the Fourth Circuit Court of Appeals considered and rejected the defendants' argument that their § 924(c) convictions based on Hobbs Act robbery did not qualify as crimes of violence, holding that Hobbs Act robbery is a crime of violence under the "force clause" of § 924(c)—namely, § 924(c)(3)(A). *Id.* at 266, *cert. denied sub nom. Uhuru v. United States*, No. 19-6423, 2019 WL 6689801 (U.S. Dec. 9, 2019), and *cert. denied sub nom. Stokes v. United States*, No. 19-6424, 2019 WL 6689802 (U.S. Dec. 9, 2019) ("Accordingly, we conclude that Hobbs Act robbery constitutes a crime of violence under

the force clause of Section 924(c).") (citing *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017); *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016)). Thus, any *Johnson*-based theory about the unconstitutional vagueness of § 924(c)(3)(B) that Hemingway would have hoped to raise was decidedly foreclosed and the legality of his conviction was unequivocally established.

Accordingly, Hemingway cannot show that AFPD Meese rendered constitutionally deficient performance or that there is a reasonable probability that but for errors committed by AFPD Meese the result of his proceeding would have been different. Nor can he show that but for Meese's unprofessional errors he would have received a shorter sentence. Hemingway's first theory of relief is without merit and the § 2255 motion premised on this theory is denied.

**B. Whether Counsel was Ineffective for Not Adequately or Meaningfully Explaining 18 U.S.C. § 924(c) to Petitioner During Critical Stages of the Case**

Hemingway's second theory of relief needs little discussion given the Court's explanation *supra* of the case law developments with respect to *Johnson* claims. AFPD Meeze states in his affidavit, "Whether or not I rendered effective assistance of counsel on this ground is less clear. I may not have adequately advised Mr. Hemingway of the *Johnson* issue in his case prior to his guilty plea, because I am not certain I was even aware of the argument at the time." (Meetze Aff. at 5.) He further states, "The *Johnson* issue which could apply to Mr. Hemingway's case is still pending. The cases which will resolve this issue are still pending." (*Id.*) While it was true that the *Johnson* issues that might have applied to Hemingway's case were still pending when AFPD Meetze

7

submitted his affidavit, as explained above, those issues have now been fully resolved in a manner that forecloses Hemingway's theories of relief. Accordingly, the § 2255 motion based on Hemingway's second theory of relief is denied.

### C. Evidentiary Hearing

The Court finds that it is clear from the pleadings, files, and records of this case that Hemingway is not entitled to relief; thus, an evidentiary hearing is not necessary. *See* 28 U.S.C. § 2255(b); *Raines v. United States*, 423 F.2d 526 (4th Cir. 1970) (holding it is within the district court's discretion to deny without a hearing § 2255 motions where the files and records conclusively show that the prisoner is entitled to no relief). Accordingly, the Court declines to conduct an evidentiary hearing in this matter.

## **CONCLUSION**

For the reasons set forth above, Defendant/Movant Joseph Hemingway's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (ECF No. 51) is DENIED. The Court construes Respondent United States of America's motion to dismiss (ECF No. 59) as a motion for summary judgment, and hereby GRANTS the motion.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or

wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

January 21, 2019
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.